9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose ROLAN-TAPIA, Albert S. Hernandez, Jose Luis Valenzuela
Garcia, and Susana Lamont Valenzuela, Defendants-Appellants.
 Nos. 93-10151, 93-10153, 93-10194 and 93-10195.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 2, 1993.
Decided Oct. 14, 1993.
 
 Before: D.W. NELSON and NORRIS, Circuit Judges, and TANNER,** Senior District Judge.
 MEMORANDUM***
 Defendants in this consolidated, interlocutory appeal challenge an order by the district court denying their motion to dismiss the indictment for violations of the Double Jeopardy Clause. U.S. Const. amend. V. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 We review the denial by the district court of a motion to dismiss an indictment for a violation of the Double Jeopardy Clause de novo. United States v. Meza-Soria, 935 F.2d 166, 167 (9th Cir.1991); United States v. Schwartz, 785 F.2d 673, 676 (9th Cir.1986), cert. denied, 479 U.S. 890 (1986) The factual findings regarding the governmental conduct upon which the denial is based are reviewed for clear error. United States v. Lun, 944 F.2d 642, 644 (9th Cir.1991); United States v. Mitchell, 736 F.2d 1299, 1304 (9th Cir.1984), cert. denied, 474 U.S. 830 (1985).
 On March 25, 1992 appellants, along with others, were indicted for violations of federal narcotics laws. They were charged with, inter alia, conspiring to possess with the intent to distribute marijuana from February 26, 1992 through February 28, 1992. The appellants filed pretrial motions and on May 18, 1992 a hearing was held on those motions before Judge Richard M. Bilby. The government, represented by Robert L. Miskell, Assistant U.S. Attorney responded to the motions by clearly stating that he understood his discovery responsibilities and would provide the requested information. At the hearing on May 18, 1992 Judge Bilby granted the defendants' motions to preserve the agents' notes, ordered the government to produce witnesses' probation reports two weeks prior to trial for an in camera review, and ordered the government to provide the defense with the identity of the confidential informant as well as his criminal record and what he was paid. The district court also indicated that defendants' motion pursuant to United States v. Henthorn, 931 F.2d 629 (9th Cir.1991) "... is no problem because they're getting that information. They'll furnish that to me. I'll check it over." It is clear that after this hearing, the prosecutor, Mr. Miskell, was well aware of his responsibilities as to discovery.
 The case eventually was set for trial before Judge Myron D. Crocker in November of 1992. On November 9, 1992 a pretrial hearing was held and the government's counsel Mr. Miskell again stated that he would provide discovery on the informant. The trial began on November 17, 1992. The Friday before trial the government provided defense counsel with the informant's name and criminal history. At the close of the first day of trial, a hearing was held outside of the presence of the jury wherein the court was informed that the government had not provided the defense with Brady[1] and Henthorn material. The prosecution was told to make a "diligent search" for Brady material.
 On November 18, 1992, the next morning, the court held another hearing outside the presence of the jury and was informed that the informant's probation report had not been provided to the defense, and that the prosecutor had not done the required Henthorn searches of two of its witnesses--a Border Patrol agent and a Customs agent. After hearing argument that the witnesses' testimony should be precluded, that the case be continued until the information was provided, or that a mistrial be granted, the court granted defendants' motions for a mistrial. This appeal followed.
 The Double Jeopardy Clause does not ordinarily bar retrial after the grant of a mistrial on defendants' motion. United States v. DiFrancesco, 449 U.S. 117,130 (1980); United States v. Jorn, 400 U.S. 470, 485 (1971). However, there is an exception to this general rule.
 But we do hold that the circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.
 Oregon v. Kennedy, 456 U.S. 667, 679 (1981).
 The trial court in its order denying the motion to dismiss on double jeopardy grounds ruled that "It appeared to the court that this failure was because the prosecutor was not familiar with the case and not because he wanted a mistrial." As the record indicates the prosecutor, Mr. Miskell, signed the indictment, responded to the pretrial motions, appeared at the pretrial motions hearings before Judge Bilby and Judge Crocker and tried the case. Therefore, the trial court's finding that the prosecutor was "not familiar with the case" is clearly erroneous.
 The trial court further found that "The defendants are not prejudiced by the mistrial and the prosecutor did not gain a tactical advantage." In prior cases, courts have looked at several factors in order to determine the intent of the prosecutor to "provoke", Oregon v. Kennedy, supra, or to "goad", United States v. Dinitz, 424 U.S. 600, 611 (1976), a defendant into moving for a mistrial. See e.g. United States v. Lun, 944 F.2d 642 (9th Cir.1991). The defendants argue, and one of the factors courts have previously looked to, is whether or not the prosecutor gained a tactical advantage when the mistrial was declared. They argue that the mistrial allowed the government to expand the conspiracy with a superseding indictment. This expanded conspiracy allows the government to put on more evidence--evidence that it had not attempted to put on in the first trial. The government contends that the evidence would be admissible to show how the conspiracy began. However, since the trial court never had the opportunity to rule on the admissibility of this evidence, the government's argument to this court is speculative.
 The prejudice to defendant Lamont-Valenzuela, and therefore a tactical advantage to the government, is evident. Lamont-Valenzuela had given notice of an alibi defense, including the names of witnesses, for February 26, 1992 through March 1, 1992. This covered the time frame of the conspiracy as originally indicted. When the government superseded the indictment, the starting date of the conspiracy was changed from February 26, 1992 to February 22, 1992. The new date is outside of the alibi time frame which defendant Lamont-Valenzuela previously notified the government. Therefore, the filing of a superseding indictment with an expanded conspiracy count afforded the prosecutor a tactical advantage and prejudiced the defendants.
 We hold that the district court was clearly erroneous in finding that the prosecutor was not familiar with the case. We further hold that the district court was clearly erroneous in finding that the defendants were not prejudiced by the mistrial and in finding that the prosecutor did not gain a tactical advantage. However, we remand to the district court for reconsideration of the question of whether or not the prosecutor intended to provoke a mistrial in light of this memorandum. REMANDED.
 
 
 
 *
 Cases Nos. 93-10153 and 93-10194 were submitted on the briefs
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Brady v. Maryland, 373 U.S. 83 (1963)